# CIRCUIT COURT OF BALTIMORE CITY

Filed December 23, 1891.

JOHN D. KEILEY, JR.

VS.

J. J. TURNER ET AL.

*Col. Charles Marshall* for plaintiff.

*P. E. Tome* and *A. C. Trippe* for defendant.

DENNIS, J.—

I agree with both the auditor in his theory of this case, as expressed in his report, and formulated in Account "C," except in one particular.

The manuactured goods on hand at the time of the dissolution of the partnership were taken by Mr. Turner at the cost price of the raw material which composed them. I do not think this was right. These goods in their manufactured state were worth more than when in the form of the raw materials. The labor of manufacture, the reputation of the brand, and the prepared form in which they were ready to be put upon the market—all these elements went into their value — increasing it above that of the raw materials.

I think therefore the plaintiff is entitled to his share of the *net profits*

realized from the sale of these manufactured goods, and is not to be bound by a computation based simply upon the cost of the raw material composing them. What this profit was, the testimony does not show; and in computing it, the cost of storage, clerk hire, commissions, bad debts, &c., must all be taken into account. I will therefore refer the case back to the auditor to state an account, upon the principles above indicated, with leave to either party to produce within sixty days such testimony as may be desired, to show the *net proceeds of sale* of these manufactured goods.